IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                              CASE NO. 5:17-CR-50010

JONATHAN E. WOODS;
OREN PARIS III; and
RANDELL G. SHELTON, JR.                                                    DEFENDANTS

ORDER

Defendant Randell Shelton has filed a Motion (Doc. 446) asking for reconsideration and/or alternative relief from the Court's August 22nd Order (Doc. 443) denying a continuance of his September 6th sentencing hearing. The Court has considered the additional information provided (under seal) yesterday by Mr. Shelton's attorney concerning medical issues that have hampered her ability to (1) timely file Mr. Shelton's sentencing memorandum and (2) prepare more fully for Mr. Shelton's sentencing hearing. Based on this additional information, the Court found good cause yesterday to extend the deadline for Mr. Shelton to file his sentencing memorandum. But the Court still does not find good cause to continue the sentencing hearing. The Court accepts that counsel's medical issues impeded her abilities earlier this summer, and that some of these issues will require additional testing in the future. However, as counsel acknowledges, she is no longer acutely ill, has returned to work at her office, and she does not have any medical appointments scheduled for September 6th.

Ms. Koehler is a seasoned lawyer who is always prepared for court. This Court respects and appreciates these attributes, and by its ruling here does not mean to minimize the impact of counsel's

medical issues on her ability to prepare. But the present status of these non-acute medical issues does not demonstrate sufficient good cause to warrant a continuance of Mr. Shelton's sentencing hearing. This is especially true considering that Mr. Shelton has two additional attorneys of record who are capable of either assisting Ms. Koehler to further prepare over the next two weeks, or taking over for her completely if necessary. In protest, Ms. Koehler responds that it is *her* responsibility to advocate for Mr. Shelton at the sentencing hearing. Yet, she fails to advance any good reason to explain why—if Ms. Koehler were not able to fulfill this responsibility on September 6th— these other attorneys of record could not effectively represent Mr. Shelton.[1]

More importantly—for the reasons set forth above, and for the additional reasons noted below—there is no basis to conclude that Mr. Shelton will be prejudiced in the absence of a continuance. Categorically, the only guideline determinative objections to the Presentence Report are (i) the 14 level loss amount enhancement premised on §§ 2C1.1(b)(2) and 2B1.1(b)(1)(H)), and (ii) the 2 level "more-than-one bribe" enhancement premised on §2C1.1(b)(1). There is nothing difficult or complex about the latter, so in explaining the need for a continuance to further prepare, Ms. Koehler focuses solely on her conclusion that the loss calculation is "incredibly complicated". But she provides absolutely no information for the Court to evaluate why this calculation is complex, or how Mr. Shelton would benefit from more time to develop proof or otherwise explain his

---

[1] Ms. Koehler does opine that her co-counsel are not experienced in the "highly complex" area of "white collar" criminal defense. This may be true with regard to Ms. Coats, who the Court perceives to have served a more secondary role in this particular case. But this a disingenuous explanation with respect to Mr. Atwell—who, after all, *did* serve as *co-lead* counsel for Mr. Shelton during pre-trial motion practice and throughout the entirety of the four week jury trial of *this* "white collar" case. Mr. Atwell appears frequently before this Court in federal criminal cases. Both Mr. Atwell and Ms. Koehler have served the Court as CJA panel attorneys. The Court is well acquainted with the experience and abilities of these attorneys. The Court is well convinced that Mr. Atwell's criminal defense experience—and his knowledge of the federal sentencing guidelines— is no less than equal to that of Ms. Koehler's.

position. For example, why is it that Mr. Shelton disagrees with the loss calculation in the Presentence Report? How does Mr. Shelton propose that loss should be calculated? Did the proof at trial not support a loss calculation of at least $550,000.00? Does some document collection remain outstanding? Does Mr. Shelton envision the need for an evidentiary hearing on loss amounts, and if so, why? Or, is the objection to the loss amount a purely legal one for the Court to decide? On its face, and given the lack of any further explanation, the guideline calculation in Mr. Shelton's case does not appear so complex as to necessitate a continuance. There is simply no basis that the Court can discern as to how or why Mr. Shelton will be prejudiced in the absence of a continuance.

**IT IS THEREFORE ORDERED** that Defendant Randell Shelton's Motion for Reconsideration (Doc. 446) is **DENIED**, however his alternative request for an extension of time was granted by the Court yesterday.

**IT IS SO ORDERED** on this 24th day of August, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE