IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 5:17CR50010-003 |
| | ) | |
| RANDELL G. SHELTON, JR. | ) | |
| Defendant | ) | |

## MONEY JUDGMENT

On May 3, 2018, the Defendant, Randell G. Shelton, Jr., was found guilty by a jury of Counts 1, 3, 5 through 13, and 16 of the Second Superseding Indictment filed September 13, 2017. (Doc.74). Count 1 charges the Defendant with conspiracy to commit mail and wire fraud in violation of Title 18 U.S.C. § 1349; Counts 3, and 5 through 13 charge the Defendant with honest services wire fraud in violation of Title 18 U.S.C. §§ 1343, 1346 and 2; and Count 16 charges the Defendant with honest services mail fraud in violation of Title 18 U.S.C. §§ 1341, 1346 and 2.

In the forfeiture allegation of the Second Superseding Indictment, the United States seeks forfeiture for the honest services mail and wire fraud and conspiracy, pursuant to Title 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property constituting or derived from proceeds obtained, directly or directly, as a result of the aforesaid offense.

The Court finds by a preponderance of the evidence that the proceeds of the offenses of conviction total $664,000, and that the Defendant will forfeit the sum of $664,000 in United States Currency. This sum represents property that constitutes, or is derived from, or is traceable to the proceeds obtained from the commission of the offenses of conviction.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That a money judgment in the amount of $664,000 in United States Currency shall be entered against the Defendant, Randell G. Shelton, Jr., as proceeds obtained indirectly or directly from the conduct for which he has been convicted.

2. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Judgment, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order, to conduct any discovery the Court may consider proper in identifying, locating, or disposing of the property.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1), no ancillary proceeding is required to the extent that a forfeiture consists of a money judgment.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), any order of forfeiture becomes final as to the Defendant at sentencing.

IT IS SO ORDERED this 6th day of September, 2018.

Timothy L. Brooks
United States District Court Judge